[Cite as *State v. Peters*, 2018-Ohio-884.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-17-1011

        Appellee                                Trial Court No. CR0201502276

v.

Brandon Peters                                  **DECISION AND JUDGMENT**

        Appellant                              Decided:  March 9, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Claudia A. Ford, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Defendant-appellant, Brandon Peters, appeals the January 25, 2016

judgment of the Lucas County Court of Common Pleas, convicting him of child

endangering, and sentencing him to a prison term of seven years, to be served consecutively to a four-year term ordered in Lucas County case No. CR201201955. For the reasons that follow, we affirm the trial court judgment.

## I. Background

{¶ 2} On August 6, 2015, defendant-appellant, Brandon Peters, was indicted on one count of child endangering, a violation of R.C. 2919.22(B)(1), (E)(1), and (E)(2)(d), after fracturing the leg of his four-month-old son. At the time he committed the offense, he was on community control in Lucas County case No. CR201201955 for attempted rape.

{¶ 3} On January 11, 2016, Peters entered a plea of guilty to the child endangering charge pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). The trial court ordered a presentence investigation ("PSI") report and continued the matter for sentencing on January 25, 2016. A community control violation hearing was also scheduled for that date.

{¶ 4} On January 25, 2016, Peters admitted that he violated community control in case No. CR201201955, and waived the oral hearing that had been scheduled. The court sentenced him to a prison term of seven years on the child endangering conviction, and four years on the community control violation. It ordered that the sentences be served consecutively.

{¶ 5} Peters appealed and assigns the following error for our review:

> Appellant's sentence should be vacated due to the trial court's
>
> failure to comply with the specific directives of R.C. 2929.11 and 2929.12.

2.

## II. Law and Analysis

**{¶ 6}** In his sole assignment of error, Peters claims that the trial court failed to follow the directives of R.C. 2929.11 and 2929.12 when it imposed "a near maximum sentence without considering to [sic] any mitigating factors offered by counsel regarding Appellant's mental illness." He claims that the court gave "undue weight to the troubling facts in this case," failed to impose "minimum sanctions," and ignored his documented mental health issues, PTSD, and prior compliance with the conditions of community control.

**{¶ 7}** We review a challenge to a felony sentence under R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

**{¶ 8}** Peters' assigned error challenges only R.C. 2953.08(G)(2)(b). In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15, we recognized that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, provides guidance in determining whether a sentence is clearly and convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b). In *Kalish*, the Ohio Supreme Court held that where

3.

the trial court expressly states that it considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences the defendant within the statutorily permissible range, the sentence is not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

{¶ 9} Here, Peters acknowledges that his sentence is within the permissible range, and he does not contend that the court improperly applied postrelease control. He does not specifically dispute that the trial court *considered* the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, but he argues that the court *did not follow the directives* of those statutes.

{¶ 10} R.C. 2929.11 explains that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." It instructs that "[t]o achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 11} R.C. 2929.12 provides discretion to the trial court "to determine the most effective way to comply with the purposes and principles of sentencing * * *." It requires that "[i]n exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) * * * relating to the seriousness of the conduct, the factors

4.

provided in divisions (D) and (E) * * * relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) * * * pertaining to the offender's service in the armed forces of the United States," in addition to any other factors relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(A). A sentencing court is not required to use any specific language or make specific findings to demonstrate that it considered these factors. *State v. Greer*, 6th Dist. Lucas No. L-16-1023, 2017-Ohio-46, ¶ 11, citing *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶ 12} Here, the trial court's January 25, 2016 judgment expressly states that it considered "the record, oral statements, any victim impact statement and presentence report prepared, as well as the *principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12.*" (Emphasis added.) At the sentencing hearing, the trial court also explained at length its rationale for the sentence it imposed. It is clear from this explanation that the court found it significant that (1) Peters had been before the court in case No. CR201201955 and was given the benefit of community control; (2) the victim was an infant, and was, therefore, fragile, innocent, and dependent on his caregivers; (3) Peters was the victim's father, and in harming the child, he violated the trust that the victim's mother placed in him to care for the child and failed in his responsibility to protect his son; (4) Peters made excuses for his conduct, claiming that he was frustrated with the child—an excuse that the court found unacceptable; and (5) the injury to the child was one that required great force.

5.

{¶ 13} This explanation from the court demonstrates the applicability of a number of 2929.12(B) factors, indicating that Peters' conduct was more serious than conduct normally constituting the offense: "(1) [t]he physical or mental injury suffered by the victim * * * was exacerbated because of the physical or mental condition or age of the victim[;] (2) [t]he victim * * * suffered serious physical * * * harm[;] * * * and (6) [t]he offender's relationship with the victim facilitated the offense * * *."

{¶ 14} While Peters provided information suggesting that he suffered from mental health issues—a factor that the court could take into account under R.C. 2929.12(C)(4) in considering whether Peters' conduct was "less serious than conduct normally constituting the offense"—the court's explanation demonstrates its conclusion that the applicable R.C. 2929.12(B) factors outweighed this possible ground for mitigation. The court rejected any contention that Peters did not expect to cause physical harm to his son, a factor to be considered under (C)(3). And clearly, no other subsection (C) factor applied. *See* R.C. 2929.12(C)(1) and (2) ("[t]he victim induced or facilitated the offense" and "[i]In committing the offense, the offender acted under strong provocation").

{¶ 15} Finally, Peters has pointed to no (D) or (E) factor that would weigh in favor of a different result. He had a criminal history which included a conviction for attempted rape, he was on community control, and he violated the terms of his community control by commission of this offense.

{¶ 16} Accordingly, we reject Peters' contention that the trial court ignored the directives of R.C. 2929.11 and 2929.12, and we find that his sentence was not clearly and convincingly contrary to law. We find Peters' sole assignment of error not well-taken.

6.

### III.  Conclusion

**{¶ 17}** The trial court properly considered R.C. 2929.11 and 2929.12 in imposing Peters' sentence, and his sentence was not clearly and convincingly contrary to law.  We find Peters' assignment of error not well-taken and affirm the January 25, 2016 judgment of the Lucas County Court of Common Pleas.  Peters is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

James D. Jensen, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE