[Cite as *State v. Diehl*, 2019-Ohio-3501.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No. L-18-1134

      Appellee                                      Trial Court No. CR0201702766

v.

Amanda Diehl, aka Ter Doest               **DECISION AND JUDGMENT**

      Appellant                                     Decided: August 30, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Thomas P. Kurt, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} This is an appeal by appellant, Amanda Diehl, from the May 24, 2018 judgment of the Lucas County Court of Common Pleas, convicting her of grand theft, following acceptance of her guilty plea, and sentencing her to a 17-month prison term to be served consecutive to her sentence imposed on May 21, 2019, in a related Wood

County case (Wood County case No. 2012CR0145), and to pay restitution in the amount of $1,000 to the victim, her previous employer. Upon review of the record, the trial court's order that appellant's sentence run consecutively to the sentence imposed in another criminal action was made in error and was not compliant with R.C. 2929.14(C)(4). Accordingly, we affirm in part, reverse in part, and remand this case to the trial court to make the necessary findings to support consecutive sentences under R.C. 2929.14(C)(4).

{¶ 2} Appellant sets forth two assignments of error:

I. The trial court erred in imposing consecutive prison sentences without making the findings required by Ohio Revised Code § 2929.14(C)(4) at the time of the imposing sentence.

II. The trial court erred in refusing to consider the mitigating evidence of appellant's gambling compulsion, in violation of Ohio Revised Code § 2929.12(C)(4).

**Background**

{¶ 3} While appellant was under a five-year term of community control imposed by a Wood County court (Wood County case No. 2012CR0145), appellant was charged on October 11, 2017, with one count of grand theft, a felony in the fourth degree, and twelve counts of forgery, felonies in the fifth degree, arising out of events which occurred in Lucas County. On May 7, 2018, appellant pled guilty to grand theft and all remaining charges were withdrawn.

2.

**{¶ 4}** At appellant's May 22, 2018 sentencing hearing, the court indicated that it had read all of the applicable reports requested from appellant's case in Wood County and briefly addressed appellant's gambling problem and indicated that it "[didn't] appear that that was the circumstance in Wood County" and that it "[seemed] clear that in Wood County you were just using the monies just for your personal living expenses." It concluded that, with no corroborating evidence to support her allegations of having a gambling problem, including taking into account appellant's actions of going to a mental health professional, the court would "just have to assume that you're a thief."

**{¶ 5}** Referencing that the court had considered all of the principles and purposes of sentencing as required under R.C. 2929.11 as well as balancing the seriousness and recidivism factors and all factors under R.C. 2929.12 and 2929.13, respectively, the court held that appellant was not amendable to community control and that prison was consistent with the purposes of R.C. 2929.11.

**{¶ 6}** At the sentencing hearing, the trial court sentenced appellant to a 17-month prison term. However, in its judgment entry entered on May 24, 2018, the trial court indicated the 17-month prison term was to run consecutive to appellant's sentence imposed in Wood County. The court stated:

> Being necessary to fulfill the purposes of R.C. 2929.11 and
> 2929.14(C)(4), consecutive sentences are necessary to protect the public
> from future crime or to punish the offender and are not disproportionate to
> the seriousness of the offender's conduct and to the danger the offender

3.

poses to the public. The court further finds the defendant was on community control in Wood County, Ohio, therefore this sentence is ordered to be served consecutively to Wood County Case 1012-CR-0145 [WD-18-041].

**First Assignment of Error**

{¶ 7} Appellant argues the trial court erred in imposing consecutive prison sentences without making the findings required by R.C. 2929.14(C)(4), at the time of imposing sentence.

{¶ 8} The appellate standard of review for felony sentences is set forth in R.C. 2953.08(G)(2), which provides that the appellate court may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the trial court's findings under R.C. 2929.14(C)(4) or the sentence is otherwise contrary to law. In determining whether a sentence is clearly and convincingly contrary to law, the appellate court must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 14.

{¶ 9} In Ohio, absent an order requiring sentences to be served consecutively, terms of incarceration are to be served concurrently. R.C. 2929.41(A). R.C. 2929.14(C)(4) requires that the trial court make certain findings prior to imposing consecutive sentences. First, the court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender." Second, the

4.

court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Last, the court must find that one of the circumstances set forth in R.C. 2929.14(C)(4)(a)-(c) applies:

>  (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

>  (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

>  (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 10} While the trial court is required to make the findings as mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry, there is no obligation that the court state any reasons to justify its findings. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252-253, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 24, 37. In addition, the

5.

Ohio Supreme Court has stated that "a word-for-word recitation of the language of the statute is not required * * * [so] long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support [its] findings." *Id.* at ¶ 29.

{¶ 11} In the case before us, a review of the record shows the trial court failed to satisfy all of the statutory requirements under R.C. 2929.14(C)(4). While the court did reflect that appellant was under community control for the same type of offense in Wood County and that it had balanced the seriousness and recidivism factors under R.C. 2929.12, it failed to make any of the R.C. 2929.14(C)(4) findings. Therefore, we find the sentence is contrary to law. Accordingly, we find that appellant's first assignment of error is well-taken.

**Second Assignment of Error**

{¶ 12} Appellant argues in her second assignment of error that the trial court did not consider her gambling compulsion as factors of mitigating circumstances, R.C. 2929.12(C)(4), before imposing a prison term for her grand theft charge. Appellant contends that she presented "significant" evidence of her gambling problem to the court: her completion of 18 sessions at a gambling treatment center she had been accepted in; her being referred to the Court Diagnostic and Treatment Center "as it relate[d] to a possible intervention in lieu of conviction * * * that did not continue forward"; her statement that, because she could not afford making her restitution payments [as ordered

6.

from her Wood County case, WD-18-041] "that was when the gambling started and just unraveled."

{¶ 13} R.C. 2929.12 provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.3d 890, ¶ 18. R.C. 2929.12(C)(4) provides that an offense is "less serious than conduct normally constituting the offense" if there are "substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."

{¶ 14} R.C. 2929.12(C)(4) does "not require that any certain weight be given to potentially mitigating circumstances" and also does not require any "specific language * * * be used to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Instead, the trial court, when exercising its sentencing discretion, weighs the statutory factors, mitigating grounds, or other relevant circumstances and the appellate court cannot substitute its judgment for that of the trial court. *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 14; *State v. Peters*, 6th Dist. Lucas No. L-17-1011, 2018-Ohio-884, ¶ 11; *State v. Archer*, 9th Dist. Medina No. 18CA0010-M, 2019-Ohio-171, ¶ 9. For this reason, a sentencing judge can satisfy his or her duty under R.C. 2929.12 with nothing more than a rote recitation that the applicable factors of R .C. 2929.12(C)(4) have been considered.

7.

**{¶ 15}** While the trial court did not mention its consideration of appellant's asserted gambling addiction in the sentencing entry, it did directly address appellant's mitigation claim at the sentencing hearing. The court considered the prior Wood County presentence investigation report, which did not indicate that appellant had a gambling problem. Furthermore, appellant admitted she could not afford the restitution payments in the Wood County case and that this was the time when the gambling had started.

**{¶ 16}** The court considered a letter from appellant's attorney regarding her treatment at the Zepf Center, which was not made part of the record. However, at the hearing, appellant's attorney informed the court that appellant had, thus far, successfully completed 18 sessions of gambling treatment.

**{¶ 17}** The court reviewed a report from the Court Diagnosis and Treatment Center regarding a possible intervention in lieu of conviction. The report indicated that appellant did not have any prior mental health treatment, but she indicated she had recently seen a therapist at the Zepf Center whom appellant described as a "problem gambler specialist," became involved with Gambler's Anonymous, and was in the process of signing papers to ban her from gambling establishments.

**{¶ 18}** The victim informed the court that appellant worked for his company for 11 months and during 9 months of her employment embezzled nearly $72,000 by fabricating fake corporate banking resolutions and forging his signature and a notary signature; forging lessor and lessee names on over 30 fabricated leases; and fabricated and formed HCH processing forms that debited monies from 20 tenant bank accounts in

8.

order to steal tenant security deposit checks and waive their first month's rent. Each month she embezzled increasing amounts of money. Because of the methods she employed, it was difficult for the employer to discover the thefts and he had spent two-to-three hundred hours auditing records and interviewing tenants. When he hired appellant, a background check had not revealed her prior conviction. Because she has utilized the same sophisticated schemes to steal from several other employers, the victim described appellant as a skilled con artist. The victim implored the court to impose a prison term and ensure that her conviction will show up on future background checks to protect other businesses.

{¶ 19} The court also noted that it had reviewed the probation department report from appellant's 2012 Wood County case as well as the summary of an interrogation appellant had with Officer Kuebler[1] and concluded that appellant was "using [the] monies just for your own personal living expenses. Airline tickets, utility bills, and other personal expenses."

{¶ 20} The court indicated that it considered appellant's prior criminal history as the most significant factor in sentencing, without even considering the circumstances where appellant had apparently repaid the money she had stolen from her victim and had not been charged. The court also noted that despite having been placed on community control in the Wood County case and having been given a chance to change her ways,

---

[1] We note the sentencing hearing transcript erroneously spelled the officer's name as "Kuebler" instead of "Kleiber."

appellant had not been deterred from embezzling again. While recognizing appellant claimed to have a gambling issue, the trial court noted her statements were not corroborated. The court also noted that there was no corroborating evidence to establish that appellant ever frequented the local casinos she allegedly banned herself from entering.

{¶ 21} For a fourth-degree felony, a sentencing court may impose a prison term from 6 to 18 months. R.C. 2929.14(A)(4). The record makes clear that the trial court considered all applicable seriousness and recidivism factors in R.C. 2929.12 and concluded the seriousness of appellant's crimes outweighed any possible gambling addiction. We find appellant has not shown that the court sentencing her to 17 months in prison was contrary to law.

{¶ 22} Accordingly, appellant's second assignment of error is not well-taken.

### Conclusion

{¶ 23} The judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. This case is reversed and remanded to the trial court only to consider whether consecutive sentences are appropriate under R.C. 2929.14(C). The remainder of the trial court's judgment is affirmed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
reversed, in part, and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____

                                                                   JUDGE

Arlene Singer, J.

                                                    _____

Thomas J. Osowik, J.                            JUDGE
CONCUR.

                                                    _____

                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.